United States District Court
Southern District of Texas

**ENTERED**

June 11, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| vs. | § | CRIMINAL NO. H-93-210-1 |
| | § | |
| | § | |
| ROMEL WILLIAM TORRES | § | |

### MEMORANDUM AND ORDER DENYING MOTION FOR
### COMPASSIONATE RELEASE

Romel William Torres was one of the first defendants this judge tried and sentenced. In 1994, Torres, then a young man, was convicted of masterminding an extensive criminal conspiracy based in Houston to traffic over 1,040 kilograms of cocaine and launder millions of dollars. The conspiracy allegedly ran from December 1992 until July 1993. Torres exploited a number of people in running this large, and immensely profitable, criminal conspiracy. They too spent years behind bars. Torres received a life sentence. He is now 64 years old, and he wants compassionate release or a reduction in his remaining sentence. (Docket Entry No. 731).

Torres's Sentencing Guidelines range, enhanced by the use of a firearm in the offense and for a continuing criminal enterprise, was three levels higher than the highest offense level in the sentencing table.[1] (Docket Entry No. 504, p. 23). His Guidelines range had to be reduced to life.

---

[1] The presentence report initially calculated a base offense level of 40. (Docket Entry No. 504, p. 23). A two-level increase was applied for possession of a dangerous weapon. (*Id.*) A four-level enhancement was applied for a continuing criminal enterprise. (*Id.*). Torres did not accept responsibility. His total offense level was 46 and the criminal history category was II. (*Id.* at 23-24). His total offense level was reduced to 43, which was the highest offense level in the sentencing table. (*Id.* at 23). The result was a guidelines sentence of life imprisonment on Counts 1, 3, 6, and 7; 98 months on Counts 4 and 5; 240 months on Counts 8, 9, 11, 13, 15, 17, 19, 21, and 23; and 36 months on Counts 10, 12, 14, 16, 18, 20, 22, and 24. (Docket Entry No. 516). All sentences were ordered to run concurrent. (*Id.*). Torres was also subject to a $2 million fine. (*Id.*). His appeal resulted in an affirmance of both conviction and judgment. *See United States v. Broussard*, 80 F.3d 1025 (5th Cir.), *cert. denied*, 519 U.S. 906 (1996). Torres's prior motion for a sentence reduction was unsuccessful. (Docket Entry No. 730).

Torres's prison records show that he is currently housed in FCI Miami-Low. (Docket Entry No. 735). He has had several disciplinary actions, but he has also completed educational programs. He has some medical issues, discussed below, but none beyond the Bureau of Prisons' ability to treat. After careful consideration of Torres's motion under 18 U.S.C. § 3582(c)(1), the government's response, (Docket Entry No. 732), Torres's reply, (Docket Entry No. 733), the record, and the law, the court denies Torres's motion. The reasons are explained below.

## I.    Discussion.

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may grant a defendant's motion for compassionate release if "extraordinary and compelling reasons" justify a reduction in the sentence. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). To meet this standard, the defendant must show "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner" that leads "irresistibly" to the conclusion that this prisoner has a "singular" and "remarkable" need for early release. *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). If a court finds that an extraordinary and compelling reason exists, it must then "provide specific factual reasons, including but not limited to due consideration of the [18 U.S.C.] § 3553(a) factors, for its decision" to reduce the sentence. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (cleaned up). If the court does not find an extraordinary and compelling reason for a sentence reduction, it need not consider the § 3553(a) factors. *See Dillon*, 560 U.S. at 826-27.

### A.    Did the Sentencing Commission Exceed its Authority in Promulgating Subsection (b)(6)?

Torres primarily alleges that he is entitled to a sentence reduction under § 1B1.13(b)(6) of the United States Sentencing Guidelines Manual, which authorizes courts to reduce a sentence

2

based on nonretroactive changes in sentencing law under certain circumstances. *See* UNITED
STATES SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13(b)(6) (Nov. 2023). The government
responds that the Sentencing Commission exceeded its congressionally delegated authority when
it adopted § 1B1.13(b)(6), as well as the related provision in § 1B1.13(c).

The disputed provisions state:

> (b)(6)  UNUSUALLY LONG SENTENCE.—If a defendant received an
> unusually long sentence and has served at least 10 years of the term of
> imprisonment, a change in the law (other than an amendment to the
> Guidelines Manual that has not been made retroactive) may be considered
> in determining whether the defendant presents an extraordinary and
> compelling reason, but only where such change would produce a gross
> disparity between the sentence being served and the sentence likely to be
> imposed at the time the motion is filed, and after full consideration of the
> defendant's individualized circumstances.

> (c) LIMITATION ON CHANGES IN LAW.—Except as provided in subsection
> (b)(6), a change in the law (including an amendment to the Guidelines Manual that
> has not been made retroactive) shall not be considered for purposes of determining
> whether an extraordinary and compelling reason exists under this policy statement.
> However, if a defendant otherwise establishes that extraordinary and compelling
> reasons warrant a sentence reduction under this policy statement, a change in the
> law (including an amendment to the Guidelines Manual that has not been made
> retroactive) may be considered for purposes of determining the extent of any such
> reduction.

U.S.S.G. § 1B1.13. The government contends that these provisions are invalid because
nonretroactive changes in law do not constitute an extraordinary or compelling reason for a
sentencing reduction under § 3582(c)(1)(A)(i). *See United States v. McMaryion*, No. 21-50450,
2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam). Specifically, the government
argues that permitting a district court to rely on nonretroactive changes in sentencing law to reduce
a defendant's sentence when, in the judge's estimation, the defendant received an unusually long
sentence that now represents a "gross disparity" from the sentence the court would likely impose

today is "incompatible with the Sentencing Reform Act's overarching purpose and Congress's specific intent with respect to § 3582(c)(1)(A)." (Docket Entry No. 732, p. 13).

The Fifth Circuit recently addressed this argument and held that defendants "may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025). The court also held that the Sentencing Commission, as a governmental agency, "cannot make retroactive what Congress made non-retroactive." *Id.*; *see also Neal v. United States*, 516 U.S. 284, 290 (1996). Based on *Austin*, the court denies Torres's motion to the extent that it relies on various nonretroactive changes in the law to argue for a reduced sentence.

**B.    Does Torres Show Any Other Extraordinary and Compelling Reason for Compassionate Release?**

In addition to his retroactivity claim under § 1B1.13(b)(6), Torres argues that he has shown extraordinary and compelling reasons for a sentence reduction under several other provisions of § 1B1.13(b). The court will address each reason in turn.

**1.    Medical Circumstances.**

Torres asserts that he is entitled to a reduction under § 1B1.13(b)(1)(C), which permits a reduction when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

Torres's medical records show that he is stable with "chronic care needs." (Docket Entry Nos. 732-1, 732-2). His conditions are generally typical of a 64-year-old man: high cholesterol, benign enlarged prostate, sinusitis, allergies, acid reflux, athlete's foot, hemorrhoids, dermatitis, astigmatism, and a need for reading glasses. (*Id.*). None is so severe as to exceed the Bureau of

4

Prisons' ability to care for him.  Torres's medical conditions do not support a need for compassionate release.

### 2.  Age.

Section 1B1.13(b)(2) permits the court to reduce a defendant's sentence when the defendant is at least 65 years old, has served at least 10 years or 75 percent of his term of imprisonment, and is experiencing a serious deterioration in physical or mental health because of the aging process.

Torres is 64 years old.  His medical records do not reveal any unusual, much less severe or incapacitating, limitations as a result of his age.  His age, standing alone, is not an extraordinary or compelling circumstance warranting a reduction in his sentence.

### 3.  Family Circumstances.

Section 1B1.13(b)(3) permits the court to consider certain family circumstances of the defendant in determining whether an extraordinary and compelling circumstance exists.  Torres alleges that his family circumstances should be considered extraordinary and compelling because he has been unable to see his children in Colombia for more than thirty years, he has never seen his Colombian grandchildren, and he will never be able to see his children and grandchildren who live in the United States after his release because he will be deported.

Section 1B1.13(b)(3) permits family circumstances to be a basis for a reduction in sentence only when a family member is incapacitated and has no other access to care besides the incarcerated relative.  That is not the circumstance described here.  Torres is lucky enough to have children and grandchildren.  That he cannot see them due to his incarceration is not a basis for a reduction in his sentence.

5

### 4. Harshness of Prison Conditions.

Torres alleges that he should be entitled to a reduction in his sentence because he "experienced unusually harsh conditions as a consequence of the lockdown measures undertaken to control the spread of COVID-19." He seems to suggest that this permits the court to reduce his sentence under the provision for "other reasons" of sufficient gravity to warrant being considered extraordinary and compelling. *See* U.S.S.G. § 1B1.13(b)(5).

The COVID-19 pandemic made the misery of incarceration even more miserable. But that crisis is five years behind us. The Bureau of Prisons did a reasonable job of controlling the spread of COVID-19, and Torres has received the COVID-19 vaccine. His experiences, which mirror those of all inmates incarcerated during the height of the pandemic, are not "unique to the life of the prisoner," nor do they demonstrate a "singular" and "remarkable" need for early release. *Escajeda*, 58 F.4th at 186. Torres's prison time during the COVID-19 pandemic is not a basis for a reduction in sentence under § 1B1.13(b)(5).

### 5. Immigration Consequences.

Torres alleges that he is a Colombian national who will be deported upon his release, and he seems to suggest that this constitutes an extraordinary and compelling reason for a reduction in his sentence under § 1B1.13(b)(5). He contends that courts have granted compassionate release to other defendants who are serving life sentences and who will be deported upon release.

Torres was sentenced to life in prison based on the seriousness of the crimes he committed. A reduction in his sentence to permit him to leave the United States earlier and live free in another country would minimize the seriousness of his offenses and the need for punishment for those offenses. In addition, his immigration status is not a circumstance unique to him; it applies to all

6

prisoners who are subject to immigration detainers. His immigration status is not an extraordinary or compelling reason that would warrant a reduction in his sentence under § 1B1.13(b)(5).

### 6. Unusually Long Sentence.

In addition to the retroactivity argument discussed above, Torres also contends that he is entitled to a reduction in sentence under § 1B1.13(b)(6) because he received an unusually long sentence that is grossly disparate from what he would receive if he were sentenced today.

To date, Torres has served approximately 32 years in prison. That is a very long time. But it is commensurate with the sinister and long-lasting effects of his massive cocaine trafficking and money laundering criminal enterprise. The extent, nature, and number of people that Torres exploited to make his criminal enterprise a success are as valid a set of reasons for a life sentence as they were when that sentence was first imposed. In addition, Torres's past acts have not changed. He led a massive cocaine trafficking and money laundering scheme that distributed over a thousand kilograms of a narcotic into our cities and towns and neighborhoods. His life sentence will prevent him from resuming his role in the criminal organization or supporting those who have followed him.

This is not the only case in which a judge is asked, years later, if he or she would modify a sentence imposed years earlier, given what the judge knows now and did not know then. There are cases in which a judge may come to believe that a sentence imposed earlier in his or her career, without the benefit of deciding years of cases, seeing a vast cross-section of criminal defendants, and pondering the wide range of human conditions and natures, is harsher than the sentence the judge would impose today. This is not one of those cases. There is no basis to find that, although Torres received a long sentence, it is a "gross disparity" from the sentence the court would likely impose today. He is not entitled to a reduction in his sentence under § 1B1.13(b)(6).

7

### 7. Rehabilitation.

In arguing for a reduction in his sentence, Torres points to his documented rehabilitation efforts. To his credit, Torres has participated in numerous rehabilitation programs. But rehabilitation, by itself, is not an extraordinary and compelling reason for a reduction in sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). While Torres's rehabilitation efforts are commendable, they are not an extraordinary and compelling circumstance that would support a reduction in his sentence.

### C.    The § 3553(a) Factors.

Because the court has not found an extraordinary or compelling reason sufficient to justify a reduction in Torres's sentence, the court need not address the § 3553(a) factors. *See Dillon*, 560 U.S. at 826-27. But even if the court were to find that Torres had established an extraordinary and compelling reason, the § 3553(a) factors weigh against providing such relief.

Section 3553(a) includes the following factors that are considered when imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The circumstances surrounding Torres's past acts have not changed. He was responsible for an enterprise that distributed over a thousand kilograms of cocaine into our cities and towns and neighborhoods and then laundered the proceeds. His guideline sentence exceeded the life sentence he received. Releasing Torres when he has served only a portion of this sentence would

minimize the seriousness of his offenses and ignore the need for punishment. The only evidence of changed circumstances that he offers is his demonstrated rehabilitative efforts. While commendable, these efforts do not warrant a reduction in his sentence in light of all the other circumstances that have not changed since sentencing. Torres's life sentence will prevent him from resuming his role in the criminal organization he headed or supporting those who have followed a similar criminal career.

"[C]ompassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693. Here, even if the court were to find that an extraordinary and compelling circumstance exists, consideration of the § 3553(a) factors would compel the court to refuse to reduce Torres's sentence. His motion for compassionate release is denied.

## II.    Conclusion.

Torres's motion for compassionate release or to reduce sentence, (Docket Entry No. 731), is denied.

SIGNED on June 11, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge